UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOSCOSO CHAVEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B. WAGNER, Warden,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01188-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS GROUND ONE IN PETITION FOR LACK OF JURISDICTION<br><br>ORDER DIRECING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 20, 2012, Petitioner filed the instant petition.  (Doc. 1).  Petitioner, a native of Ecuador, challenges the final order of removal and also challenges the sanctions imposed after he was found guilty of several disciplinary violations.  Petitioner contends that he was "framed" by prison employees and has the evidence to prove it.

　　　Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

1

constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005."  Division B of the Act is titled "REAL ID Act of 2005" ("RIDA").  Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deporation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Here, in ground one, Petitioner contends that the Immigration Judge hearing his removal case wrongfully denied Petitioner's request for asylum and failed to provide relief under the applicable convention against torture. (Doc. 1, p. 3).  Petitioner has submitted documents indicating that, on January 31, 2012, Petitioner was ordered removed to Ecuador by the Immigration Judge.  (Doc. 1, p. 6). On February 21, 2012, Petitioner appealed that decision to the Board of Immigration Appeals, where his case is pending.  (Id., p. 12).

From the foregoing, it is apparent that, in ground one, Petitioner is not challenging the constitutionality of his continued detention by ICE per se, but rather the legality of the January 31, 2012 order of removal, which under RIDA, is outside of this Court's jurisdiction.  Therefore, ground one in the instant petition must be dismissed.  Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir.2006); Medellin-Reyes v. Gonzales, 435 F.3d 721, 723-24 (7th Cir.2006) ("Collateral proceedings filed on or after May 11, [2005], however, will be dismissed outright; the window for belated judicial review has closed.").  This Court simply has no jurisdiction to consider the legality of Petitioner's removal.  If Petitioner wishes to raise such a challenge, RIDA requires that he do so in the United States Court of Appeals for the Ninth Circuit, not in this Court.

Accordingly, the Court will recommend that ground one be dismissed.  Because it appears, from the Court's preliminary review, that the Court may have jurisdiction over ground two in the instant petition, the Court will postpone issuing an order for Respondent to file a response until the District Court adopts these Findings and Recommendations.

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Ground One in the petition should be dismissed for lack of jurisdiction; and,
2. The matter should be referred back to the Magistrate Judge for further proceedings.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 20 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within 10 court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

1  U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
2  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
3  1991).

5  IT IS SO ORDERED.

6      Dated:   **August 5, 2012**                        **/s/ Jennifer L. Thurston**
7                                                                        UNITED STATES MAGISTRATE JUDGE