1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IVAN MOSCOSO CHAVEZ, | ) Case No.: 1:12-cv-01188-JLT |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE WHY THE PETITION |
| v. | ) SHOULD NOT BE DISMISSED FOR FAILURE |
| | ) TO STATE A CLAIM FOR WHICH HABEAS |
| B. WAGNER, Warden, | ) RELIEF CAN BE GRANTED |
| Respondent. | ) |
| | ) ORDER REQUIRING PETITIONER TO FILE A |
| | ) RESPONSE WITHIN THIRTY DAYS |
| | ) |
| | ) |

**PROCEDURAL HISTORY**

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 20, 2012, Petitioner filed the instant petition.  (Doc. 1).  Petitioner, a native of Ecuador, challenges the final order of removal and also challenges the sanctions imposed after he was found guilty of several disciplinary violations while in ICE custody.  As to the latter claim, Petitioner contends that he was "framed" by prison employees and has the evidence to prove it.

On August 6, 2012, the Court issued Findings and Recommendations to dismiss the claim challenging his final order of removal.  (Doc. 6).  On September 7, 2012, the District Court adopted the Findings and Recommendations and dismissed the claim.  (Doc. 9).  Thereafter, the matter was

1

remanded back to the Magistrate Judge for further proceedings.  Meanwhile, on July 31, 2012, Petitioner filed a separate petition in this Court, case no. 1:12-cv-01247-BAM ("12-01247"), raising the same claim as the remaining claim in this case, i.e., that he had been framed by prison employees for his disciplinary violations, which included a 100-day sentence to administrative segregation.  The latter case was filed as a civil rights complaint by a federal inmate pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Petitioner seeks, inter alia, money damages in that case for the illegal conduct of Respondent's employees.  On September 11, 2012, Petitioner filed a notice of change of address in case no. 12-01247, although he has never done so in the instant case.  The change of address in the later-filed case indicates that Petitioner is no longer in custody of the BOP, but is instead residing at a street address in Rancho Cucamonga, California, which lies outside the jurisdiction of this Court.

## DISCUSSION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner contends that employees of the Bureau of Prisons ("BOP") framed Petitioner, wrongfully found him guilty of various rules violations, and, as a result, placed Petitioner in administrative segregation until September 2012.  Based upon such allegations, it appears that, in the remaining claim in the instant petition, Petitioner is challenging not the execution of his sentence, but, rather, the conditions of his confinement, which should be raised in a Bivens civil rights action, not in a § 2241 petition. See Bivens, 403 U.S. 388, 91 S.Ct. 1999; see also, e.g., Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's confinement in segregated unit for security

2

purposes and prison's refusal to transfer petitioner should be raised as <u>Bivens</u> action, not as § 2241 habeas action); <u>Nostratis v. Sugrue</u>, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should be raised in <u>Bivens</u> action, not a § 2241 habeas proceeding); <u>Christian v. Deboo</u>, 2007 WL 470587 at *1 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another facility should be brought as <u>Bivens</u> action, not § 2241 proceeding); <u>Evans v. U.S. Pentitentiary</u>, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); <u>Blow v. Bureau of Prisons</u>, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to law library because they concern conditions of his confinement); <u>Wilson v. Wrigley</u>, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241 because his request to be transferred to another institution does not impact the duration of his confinement).

Moreover, because the identical claim is presently pending before another Magistrate Judge of this Court in case no. 12-01247 as a <u>Bivens</u> claim for money damages and an order of release, both the Petitioner's legal interest in preserving his rights and the Court's interest in judicial economy would be better served by dismissing the instant claim and permitting that identical claim to go forward in case no. 12-01247.

Finally, it also appears that Petitioner is no longer in the custody of the BOP. Since Petitioner apparently was not serving a prison sentence for a criminal conviction, but was instead in ICE custody pursuant to a final order of removal, and because he is no longer in ICE custody nor is he in administrative segregation, even if Petitioner's remaining habeas claim were valid, the Court could provide no habeas relief that would benefit Petitioner. The Court could not free him from administrative segregation since he is already free of federal custody, nor could the Court, within the confines of a habeas case, award Petitioner money damages.

## **<u>ORDER</u>**

For the foregoing reasons, the Court HEREBY ORDERS:

3

1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failure to state a claim upon which habeas relief can be granted.

Petitioner is forewarned that his failure to comply with this order will result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   __July 17, 2013__                      _____/s/ Jennifer L. Thurston__
                                                         UNITED STATES MAGISTRATE JUDGE