UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOSCOSO CHAVEZ,<br><br>    Petitioner,<br><br>    v.<br><br>B. WAGNER, Warden,<br><br>    Respondent. | Case No.: 1:12-cv-01188 LJO JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A CLAIM FOR WHICH HABEAS RELIEF CAN BE GRANTED<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

**PROCEDURAL HISTORY**

At the time of filing of the instant petition, Petitioner was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is now proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 20, 2012, Petitioner filed the instant petition. (Doc. 1). Petitioner, a native of Ecuador, challenges the final order of removal and also challenges the sanctions imposed after he was found guilty of several disciplinary violations while in ICE custody. As to the latter claim, Petitioner contends that he was "framed" by prison employees and has the evidence to prove it.

On August 6, 2012, the Court issued Findings and Recommendations to dismiss the claim challenging his final order of removal. (Doc. 6). On September 7, 2012, the District Court adopted the Findings and Recommendations and dismissed the claim. (Doc. 9). Thereafter, the matter was

1 remanded back to the Magistrate Judge for further proceedings.  Meanwhile, on July 31, 2012,
2 Petitioner filed a separate petition in this Court, case no. 1:12-cv-01247-BAM ("12-01247"), raising
3 the same claim as the remaining claim in this case, i.e., that he had been framed by prison employees
4 for his disciplinary violations, which included a 100-day sentence to administrative segregation.  The
5 latter case was filed as a civil rights complaint by a federal inmate pursuant to <u>Bivens v. Six Unknown</u>
6 <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Petitioner seeks,
7 inter alia, money damages in that case for the illegal conduct of Respondent's employees.  On
8 September 11, 2012, Petitioner filed a notice of change of address in case no. 12-01247, although he
9 has never done so in the instant case.  The change of address in the later-filed case indicates that
10 Petitioner is no longer in custody of the BOP, but is instead residing at a street address in Rancho
11 Cucamonga, California, which lies outside the jurisdiction of this Court.
12          On July 17, 2013, the Court issued an Order to Show Cause why the remaining claim in the
13 petition should not be dismissed for failure to state a claim upon which habeas relief could be granted.
14 (Doc. 13).  That Order to Show Cause gave Petitioner thirty days within which to respond.  To date,
15 Petitioner has neither filed a response nor filed any other document or notice in this case.  Accordingly,
16 the Court will, pursuant to the discussion below, recommend that the petition be dismissed.

17                                    **DISCUSSION**

18          Writ of habeas corpus relief extends to a person in custody under the authority of the United
19 States.  <u>See</u> 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or
20 constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.
21 § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must
22 bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>See</u>, e.g.,  <u>Capaldi v. Pontesso</u>, 135
23 F.3d 1122, 1123 (6th Cir. 1998);  <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994);  <u>Kingsley</u>
24 <u>v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);  <u>United States v. Jalili</u>, 925 F.2d 889, 893-94
25 (6th Cir. 1991);  <u>Barden v. Keohane</u>, 921 F.2d476, 478-79 (3rd Cir. 1991);  <u>United States v. Hutchings</u>,
26 835 F.2d 185, 186-87 (8th Cir. 1987);  <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).
27          In this case, Petitioner contends that employees of the Bureau of Prisons ("BOP") framed
28 Petitioner, wrongfully found him guilty of various rules violations, and, as a result, placed Petitioner in

1  administrative segregation until September 2012.  Based upon such allegations, it appears that, in the
2  remaining claim in the instant petition, Petitioner is challenging not the execution of his sentence, but,
3  rather, the conditions of his confinement, which should be raised in a <u>Bivens</u> civil rights action, not in
4  a § 2241 petition. <u>See</u> <u>Bivens,</u> 403 U.S. 388, 91 S.Ct. 1999; <u>see also</u>, e.g., <u>Burnette v. Smith</u>, 2009 WL
5  667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's confinement in segregated unit for security
6  purposes and prison's refusal to transfer petitioner should be raised as <u>Bivens</u> action, not as § 2241
7  habeas action);  <u>Nostratis v. Sugrue</u>, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009)(petitioner's
8  claim that he should be transferred to another facility should be raised in <u>Bivens</u> action, not a § 2241
9  habeas proceeding); <u>Christian v. Deboo</u>, 2007 WL 470587 at *1 (E.D. Cal. Feb. 9, 2007)(petitioner's
10 claim that prison had refused to transfer him to another facility should be brought as <u>Bivens</u> action, not
11 § 2241 proceeding);  <u>Evans v. U.S. Pentitentiary</u>, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27,
12 2007)(petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent
13 transfer and inadequate medical care concern conditions of his confinement); <u>Blow v. Bureau of</u>
14 <u>Prisons</u>, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas relief under § 2241 does not
15 extend to petitioner's requests for transfer to another facility and access to law library because they
16 concern conditions of his confinement); <u>Wilson v. Wrigley</u>, 2007 WL 1378024 at *2 (E.D. Cal. May
17 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241 because his request to be
18 transferred to another institution does not impact the duration of his confinement).

19        Moreover, because the identical claim is presently pending before another Magistrate Judge of
20 this Court in case no. 12-01247 as a <u>Bivens</u> claim for money damages and an order of release, both the
21 Petitioner's legal interest in preserving his rights and the Court's interest in judicial economy would be
22 better served by dismissing the instant claim and permitting that identical claim to go forward in case
23 no. 12-01247.

24        Finally, it also appears that Petitioner is no longer in the custody of the BOP.  Since Petitioner
25 apparently was not serving a prison sentence for a criminal conviction, but was instead in ICE custody
26 pursuant to a final order of removal, and because he is no longer in ICE custody nor is he in
27 administrative segregation, even if Petitioner's remaining habeas claim were valid, the Court could
28 provide no habeas relief that would benefit Petitioner.  The Court could not free him from

administrative segregation since he is already free of federal custody, nor could the Court, within the confines of a habeas case, award Petitioner money damages.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 19, 2013**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

4